IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DELORES JOHNSON,
       **Plaintiff,**

      **v.**

OHIO BOARD OF NURSING, et al.,
       **Defendants.**

Case No. 2:06-CV-073
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of the Defendants' Motion to Dismiss (Doc. #6). For the reasons that follow, the motion is granted.

### I.

Plaintiff, Delores Johnson ["Plaintiff"], brings this action against the Ohio Board of Nursing, Lisa Ferguson-Ramos, John Brion, and Betty Jo Horste[1], alleging violations of the United States Constitution and Ohio law with respect to the revocation of her Ohio nursing license. Plaintiff is proceeding *pro se* and purportedly invokes the Court's jurisdiction under 28 U.S.C. §§ 1331 and 1367. The Defendants move to dismiss the Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Defendants also seek dismissal of Plaintiff's claims under Rule 12(b)(6).

On January 21, 2005, the Ohio Board of Nursing permanently revoked Plaintiff's license

---

[1]Defendants Ferguson-Ramos and Horste are employed by the Ohio Board of Nursing. Defendant Brion, who served as Executive Director is no longer employed by the Board. Counsel for Defendants identifies the current Executive Director as Betsy Houchen.

to work as a practical nurse in the State of Ohio, following an administrative hearing. Plaintiff

appealed the decision to the Franklin County Common Pleas Court. On May 19, 2005, Judge

Bender dismissed the appeal for lack of jurisdiction. The decision states, in pertinent part:

> An appellant's failure to attach a copy of the order appealed from to the notice of
> appeal deprives the common pleas court of jurisdiction over the appeal.
> *Rodriguez v. Ohio Liquor Control Comm.*, (Aug. 14, 2002), Franklin C.P. No.
> 02CVF04-3697, unreported.
> Inasmuch as Appellant failed to attach a copy of the Board's Adjudication Order
> to either of her notices of appeal, she failed to perfect her appeal in accordance
> with R.C. § 119.12, and this Court therefore does not possess jurisdiction over
> this appeal.

(Exhibit attached to *Complaint*).

Plaintiff appealed this decision to the Ohio Tenth District Court of Appeals. On

December 6, 2005, the Court of Appeals held that Plaintiff's failure to attach the Board's

Adjudication Order in her appeal to the Common Pleas Court would not have been fatal to her

claims if Plaintiff had sufficiently described the nature of the charges, the agency's findings and

the errors assigned. Since, however, Plaintiff's appeal failed to describe these matters, the Court

of Appeals found that the trial court did not err in dismissing the appeal for lack of jurisdiction.

(Exhibit attached to *Motion to Dismiss*). Plaintiff has not appealed the decision of the Tenth

District Court of Appeals.

Plaintiff has, however, filed two other lawsuits against the Board and its employees. On

July 23, 2004, Plaintiff filed a civil action in the Franklin County Court of Common Pleas, which

was dismissed for lack of jurisdiction and failure to state a claim for relief. Plaintiff has a

pending action in the Ohio Court of Claims, where certain causes of action have been dismissed[2].

---

[2]Defense counsel states that claims for defamation, conspiracy, and intentional infliction of
emotional distress remain pending in the Court of Claims. (*Motion to Dismiss* at 3).

The Defendants move to dismiss the action in this Court on the basis that the Court is without subject matter jurisdiction and Plaintiff's complaint fails to state a basis for relief. Plaintiff opposes the motion.

## II.

The Court must first address whether it has subject matter jurisdiction over Plaintiff's claims. Defendants argue that this Court is without jurisdiction because Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution, by the *Rooker-Feldman* doctrine, and by the *Younger* abstention doctrine.

The Eleventh Amendment to the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.

The Supreme Court has held that Eleventh Amendment immunity also precludes suits in federal court against a State by its own citizens. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997). Eleventh Amendment immunity does not apply, however, if Congress has properly abrogated the state's immunity, or if the state has waived its immunity from suit in federal court. *Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 381 (6th Cir.1993). The Eleventh Amendment also does not bar a claim for prospective injunctive relief to enjoin a violation of federal law. *Ex parte Young*, 209 U.S. 123 (1908). Further, a claim against state officials in their individual capacities for monetary damages is not barred by the Eleventh

3

Amendment. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989).

In this case, there is no abrogation of state immunity by Congress nor has the state waived immunity from suit in federal court. Thus, to the extent Plaintiff sues the State Board of Nursing and its employees in their official capacities for monetary relief, the claims are barred by the Eleventh Amendment. To the extent, however, that Plaintiff seeks prospective injunctive relief, Eleventh Amendment immunity would not bar the claim. Further, to the extent Plaintiff seeks monetary damages against the Defendants in their individual capacities, the claims are not barred by the Eleventh Amendment.

Despite this limited survival of Plaintiff's claims, the Court nevertheless finds that dismissal of the action in this Court is appropriate for two reasons. First, under the *Rooker-Feldman* doctrine[3], "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482(1983). The purpose of the doctrine is to prevent a party who loses in state court from seeking appellate review of the state judgment in a federal district court. *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). As the Supreme Court recently held, the doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). The doctrine rests on fundamental aspects of federal jurisdiction which recognize that only the United States Supreme Court has the authority to review state court

---

[3]The doctrine takes its name from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

decisions. Federal district courts can only exercise original jurisdiction.

The *Rooker-Feldman* doctrine is designed to safeguard "our dual system of government from federal judicial erosion." *Squirek v. Law Offices of Sessoms & Rogers,* No. 1:02CV00040, 2003 WL 21026580 at *2 (M.D. N.C. May 5, 2003). It protects the state judicial systems by recognizing that the "independence of state courts would surely be compromised if every adverse decision in state court merely rang the opening bell for federal litigation of the same issues." *Id.,* quoting *Brown & Root, Inc. v. Breckenridge,* 211 F .3d 194, 198 (4th Cir. 2000). Therefore, if a Plaintiff cannot succeed on a federal claim without requiring a district court to re-examine issues already decided by a state court, the district court cannot exercise subject matter jurisdiction. Whether the *Rooker-Feldman* doctrine applies involves a two-part inquiry. First, the Court considers whether the federal claim is "inextricably intertwined" with the claim asserted in the earlier state court action. A claim is "inextricably intertwined" if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Hutcherson v. Lauderdale County, Tennessee,* 326 F.3d 747, 756 (6th Cir. 2003), quoting *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998). Second, the Court considers "whether the federal claim is a 'general challenge to the constitutionality of the state law applied in the state action,' to which the *Rooker-Feldman* doctrine would not apply, or 'a specific grievance that the law was invalidly--even unconstitutionally--applied in the plaintiff's particular case,' that would raise a *Rooker-Feldman* bar." *Id.*

In reviewing Plaintiff's Complaint, the Court finds that Plaintiff's federal claims are

5

inextricably intertwined with claims earlier asserted in state court. Plaintiff's action in this Court seeks to overturn the validity of the decisions of the Franklin County Common Pleas Court and the Ohio Tenth District Court of Appeals regarding the revocation of Plaintiff's state nursing license. Federal review of these state court decisions is clearly barred by the *Rooker-Feldman* doctrine.

The second basis for dismissal of Plaintiff's claims in this Court rests on a doctrine of abstention. At the time Defendants filed their Motion to Dismiss, Plaintiff was pursuing relief in the Ohio Court of Claims. Under the doctrine set forth in the case of *Younger v. Harris*, 401 U.S. 37 (1971), principles of federalism require this Court to abstain from interfering with a pending state court matter, and dictate that "constitutional claims should be raised and decided in state courts without interference from federal courts". *Doscher v. Menifee Circuit Court*, 75 Fed. Appx. 996, 997 (6th Cir. 2003), citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987).

*Younger* abstention is appropriate when three elements are satisfied: "(1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges." *Id.*, citing *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995). Based on the record presented to the Court, all three requirements for abstention under the *Younger* doctrine are satisfied. There is an ongoing action in the Ohio Court of Claims where Plaintiff is pursing claims identical to those raised in this action; it involves a matter of state interest; and Plaintiff has an adequate opportunity to raise her challenges in that proceeding.

For all of these reasons, the Court finds Defendants' Motion to Dismiss this action

meritorious[4].

As a final matter, the Court notes that Plaintiff has filed a Motion to Strike Defendants' Reply Memorandum on the basis that it contains an argument on claim preclusion which was not raised in the Motion to Dismiss. Counsel for Defendants states that the argument was made in response to Plaintiff's arguments in her Memorandum *contra* the Motion to Dismiss. The Court finds that consideration of the claim preclusion argument is unnecessary in light of the disposition of this case. For this reason, Plaintiff's Motion to Strike is denied as moot.

## III.

In light of the foregoing, the Defendants' Motion to Dismiss (**Doc. #6**) is **GRANTED**. Plaintiff's Motion to Strike (**Doc. #11**) is **DENIED as moot.** The Clerk is **DIRECTED** to enter Judgment in favor of Defendants and to dismiss this case.

**IT IS SO ORDERED.**

9-12-2006
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[4]Since the Court finds dismissal under Rule 12(b)(1) appropriate, the Court declines to consider Defendants' motion under Rule 12(b)(6).

7